UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                       Case No. 3:24cv181-LC-HTC

G. ENGLISH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy A. Hart, a prisoner proceeding *pro se*, initiated this action by filing a handwritten document titled "Civil Rights Complaint," naming G. English, the Warden at Blackwater River Correctional Facility, and the Florida Department of Corrections ("FDOC") as defendants. Doc. 1. Plaintiff is a three-striker, who failed to simultaneously pay the Court's filing fee, and cannot proceed *in forma pauperis*. Plaintiff's case, therefore, should be dismissed.

The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner alleges facts to show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

There is no question here that Plaintiff is a three-striker.[1] Indeed, Plaintiff has had numerous cases dismissed because of that status. *See, e.g.*, *Hart v. Davis*, No. 23-14096-F, at Doc. 1 (11th Cir. Dec. 19, 2023) (finding that Plaintiff was subject to the "three strikes" provision of the PLRA); *Hart v. Sec'y DOC, et al.*, No. 3:20-cv-5765-LC-EMT, at Docs. 7 & 11 (N.D. Fla. Jan. 5, 2021) (recognizing Plaintiff as

---

[1] The Court takes judicial notice that Plaintiff has had the following cases dismissed for failure to state a claim or as frivolous: *Hart v. United States*, No. 1:16-cv-21889-FAM, at Docs. 8 & 9 (S.D. Fla. July 29, 2016); *Hart v. Florida*, No. 8:13-cv-2533-JSM-MAP, at Doc. 3 (M.D. Fla. Oct 4, 2013); *Hart v. Judd, et al.*, No. 8:11-cv-1590-VMC-TBM, at Doc. 2 (M.D. Fla. Aug. 10, 2011).

a three-striker and dismissing case); *Hart v. Gray, et al.*, No. 5:19-cv-69-WTH-PRL, at Doc. 2 (M.D. Fla. Mar. 18, 2019) (same).[2]

Finally, Plaintiff has not shown that he is in "imminent danger" of physical harm. To the contrary, Plaintiff's three-page "complaint" is devoid of any factual allegations and consists mostly of various caselaw quotes, without providing any explanation as to how they may relate to the present action. While Plaintiff contends he is being unlawfully detained against his will, causing him "hardship and mental anguish," such a generalized and conclusory allegation is simply insufficient to meet the imminent danger exception. Moreover, "fear, psychological stress, and mental anguish are not physical injuries" under section 1915(g)). *See Taylor v. Allen*, 2009 WL 1758801, at *3 (S.D. Ala. June 16, 2009).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

2. That the clerk close the file.

At Pensacola, Florida, this 26th day of April, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Currently pending is a Report and Recommendation in *Hart v. Davis*, 3:24-cv-141-LC-ZCB, recommending dismissal on this very ground.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:24cv181-LC-HTC